**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:				January 21, 2011

Courtroom Deputy:	Nel Steffens
Court Reporter:		Suzanne Claar
Probation Officer:	Caryl Ricca

**Criminal Action No.  10-cr-00107-REB**

*Parties:*					*Counsel:*

UNITED STATES OF AMERICA,		David Conner

	Plaintiff,

v.

1.  FRANK W. LEWIS,			Brian Leedy

	Defendant.

**SENTENCING MINUTES**

**3:32 p.m.	Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.

Pursuant to 18 U.S.C. § 3552 and Fed.R.Crim.P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the Court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentences.

Defendant is sworn.

Statement by the defendant.

Statement by counsel for the government.

The Court has considered all relevant matters of fact and law, including the following:

- The parties' plea agreement under USSG § 6B1.2, including the parties' written stipulation of facts relevant to sentencing under USSG § 6B1.4(a);
- The nature and circumstances of the offense(s) – focusing on "the real conduct" – for which the defendant is being sentenced;
- The history and characteristics of the offender;
- The authorized sentences under 18 U.S.C. § 3551;
- The presentence report and any addendum;
- The basic purposes of criminal punishment: deterrence; incapacitation; just punishment; and rehabilitation as declared in the Sentencing Reform Act of 1984;
- The purposes and goals of sentencing as prescribed by Congress at 18 U.S.C. § 3553(a)(2);
- The factors to be considered in imposing sentence pursuant to 18 U.S.C. §§ 3582(a) and 3553(a)(1)-(7);
- The constitutional and relevant provisions of the advisory USSG;
- The kinds of sentence and the sentencing range established under the USSG for the applicable category of offense committed by the applicable category of defendant pursuant to 18 U.S.C. § 3553(a)(4);
- The need to avoid unwarranted sentencing disparities by "ensuring similar sentences for those who have committed similar crimes in similar ways," *Booker*;
- The need to restitute victims;
- The pertinent policy statements of the US Sentencing Commission;
- The need to impose sentences that satisfy the needs and requirements of 18 U.S.C. § 3553(a)(2);
- The advancement of the seminal congressional goals of honesty, uniformity, and proportionality in sentencing;
- The principle and requirement codified at 18 U.S.C. § 3553(a), to impose a sentence that is sufficient, but not greater than necessary, to achieve the

    congressional goals and purposes of sentencing;
- The propriety or necessity of imposing concurrent or consecutive sentences after considering the provisions of 18 U.S.C. § 3584(a) and (b);
- The position of the government, the defendant, and the probation department;
- The evidence presented, reasons stated, arguments advanced, authorities cited by the parties in their papers and during their oral argument and presentation.

The Court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgments of conviction, sentences, and orders.

  **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

    - the **Defendant's Sentencing Statement and Motions for Departure and Variance** [#29] filed November 5, 2010, is **DENIED**;

    - the **Government's Motion Regarding Acceptance of Responsibility** [#33] filed November 19, 2010, is **GRANTED**;

3. That judgment of conviction under Fed.R.Crim.P. 32(k) is entered on Count One of the Indictment and Counts 1, 2, 3, 4, and 5 of the Information;

4. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **120 months** on each of Count One of the Indictment and Counts 1, 2, 3, 4, and 5 of the Information, to be served concurrently;

5. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **three years** on each count of conviction, to be served concurrently; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

6. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

- all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

- all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

- the following explicit or special conditions of supervised release:

    - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

    - that the defendant shall not possess or use illegally controlled substances;

    - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

    - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

    - that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

    - that the defendant shall make and pay any restitution/fine/assessment as ordered and required by the court;

    - that the defendant shall not incur new credit charges or open or establish additional lines of credit without the advance written approval of defendant's probation officer;

    - that, as directed by his probation officer, the defendant shall apply all monies received from such things as income tax refunds, lottery winnings, inheritances, judgments, and unexpected financial gains to restitution and the special victim's fund assessments;

    - that at defendant's expense, the defendant shall, unless then

> > indigent, undergo a mental health evaluation and an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment of the defendant;
> >
> > - that on his release from imprisonment, the defendant shall reside in a community corrections center or a residential reentry center for a period not to exceed **six months** and shall comply with all rules, regulations, policies, directives, orders, and contractual provisions imposed by the community corrections facility or residential reentry center in which defendant resides;

7. That no fine is imposed;

8. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00 for each count of conviction for a total of $600.00;

9. That the defendant shall pay restitution for the benefit of the victims who are identified together with their concomitant and discrete losses in the presentence report at page 7 and 8 at paragraph 25; that restitution is payable immediately to the care of the Clerk of the Court in full, in the amount of $22,718.00, and if not paid immediately, to be paid in installments of not less than ten percent of the defendant's monthly gross income as determined periodically by his probation officer during the term of supervised release; provided that interest on restitution is waived;

10. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

11. That this court recommends to the Bureau of Prisons that it designate the defendant to FCI Oxford, Wisconsin and permit him to participate in and complete RDAP; and

12. That the defendant is remanded to the custody of the United States Marshal.

The Defendant is advised of the right to appeal the sentences imposed by the Court.

Mr. Leedy asks that the record reflect his objections to the length of sentence and also to the court's ruling on the defendant's motion for downward variance or downward departure.

**4:35 p.m.     Court in recess.**

Total time in court:   01:03

Hearing concluded.